The case is Richard Bowen v. Department of the Navy, 2010, 3065. Mr. Sacani, is it? Yes. May it please the court, in this case the administrative judge denied rebuttal testimony that was necessary to perform a clear and convincing analysis under GARE. We had a specific rebuttal witness who would testify that the deciding official, in a past instance, threatened to terminate him in response to allegations that he made against the Naval Facilities Engineering Service Center. This question comes to us with a great deal of deference being owed to the lower tribunal. In what sense was there an abuse of discretion in refusing to permit this testimony? Well, I think the testimony would show that the NFPSC, and specifically Richard Messock, had hostility toward whistleblowers in a previous action, and with regard to the second GARE factor, that was necessary in order to perform the actual retaliatory motive of the deciding official. But that was an action that occurred, what, some seven, eight years prior to the incident in question here, correct? But it's a single, it's a single individual piece of testimony in the past. And it hardly indicates a habit or routine. I don't, I think we let go of the habit or routine evidence at the full board level. And this level, I mean, Mr. Bowen's contention is that this was a design removal, in that it was planned. So that the, with respect to like the... Excuse me, what was planned? The removal itself. Correct. Pretty much that they set them up to fail. Like, with regard to the... So you're arguing that this evidence that was excluded would show that this same deciding official regularly engages in these plans to remove people because seven or eight years ago he did a similar thing to somebody else? No, but we're trying to show that the design was similar. Not that that indicates a pattern, but only that it lends credence to Mr. Bowen's position that he was set up to fail. In that everything stemmed from the assignments that he claims that he couldn't complete. They were assignments that were theoretical in nature. He was idled, not given the resources that he had generally been given in the past six years with the Navy. Of course, you're not challenging the merits. You're just challenging the exclusion of the testimony. It's difficult to challenge the merits without the actual testimony creating the inference of the retaliatory motive. As Judge Lynn points out, you've got a pretty high hurdle on exclusion of testimony. Have you done a search of our cases to see how often we overrule a trial official on exclusion of evidence? Yes, Your Honor. I've seen that it's a very high burden. It didn't take you very long. In this case, I think that this evidence is really key. Have you found a single case where we have decided that the Board abused discretion in excluding evidence? No, Your Honor. Maybe this is the first. I think it's pretty clear that if this type of testimony was allowed in, it would slant and cast the evidence that the agency provided against Mr. Bowen into a different light. But I thought you said you relinquished that argument. I thought you were focusing now on this evidence being used solely to impeach the witness of the government. Well, it's used to impeach, but it also went to the second factor of the clear and convincing analysis, where we need to show the actual retaliatory motive of the deciding official. Why would what this deciding official did with regard to someone else seven years ago show that he had a retaliatory motive in this case with regard to Mr. Bowen? It would show hostility towards whistleblowers, and that fact coupled with the fact that he knew about the whistleblower allegations that Mr. Bowen would make would show that there could be hostility towards him because he is a whistleblower in this matter. And it's similar to the She and Me Navy use their discrimination evidence. Under Federal Rule of Evidence 404, isn't a single bad act inadmissible? You have to be able to show a pattern. Well, this isn't being used to show a pattern. It's being used to show motive or intent. But not his motive and intent via the dis-defendant, his motive and intent arguably with regard to Mr. Arad? Well, the motive intent with regard to Mr. Arad was to show a specific instance where what we're trying to do is infer that in general that they're hostile towards whistleblowers specifically because… The testimony is 100% what you say it is. You're showing one prior hostility towards a whistleblower and trying to use that to demonstrate they're organically hostile to all whistleblowers. Well, that's Rule 404, which is a habit or a pattern of activity proves the case at hand. And the Court excluded it saying one instance under the law of the Regional Circuit can't amount to a habit. That's correct. However, I'm looking at it in a different light and we're looking at it in a different light. We're not looking at it in a light of this is a pattern. We're looking at it in a light where we're comparing two statements that were very similar that were made against NFUSC and two responses that were very similar. However, not calling that a pattern, only calling that a design. And secondly, it goes to discredit the deciding official in this case where he says that he had never taken any action against any whistleblowers in the past. And that's clearly not the case, I mean, because we have this gentleman, Mr. Steve Varek, who says that he was retaliated against when he made allegations and Mr. Messock learned about those allegations made against NFUSC. So, and then I think that that plays into the fact that Mr. Messock had said that Mr. Bowen's conduct was really egregious and I think it tends to discredit them because Mr. Bowen contends that he was set up to fail with regard to the work assignments. And NFUSC knew about his gripe that he had with the individually billed account and they pushed it when in the past six years he had an informal exemption with the command which said, well, you just need to carry this individually billed account credit card and it's okay, we won't make you use it. But within a few months of him actually going out and making these allegations, they started pushing him about it and they knew that he had this gripe because when he started with his second round with the Navy six years before, he told them I have this gripe with this individually billed account and they said, don't worry about it, we'll just carry it just to have it. And he never even activated it for the entire six years until they started pushing him about it, which was only a few months after he actually made those allegations. So, I mean, I understand that the pattern argument is weak, however, I don't think that in this case we're arguing a pattern. We're only arguing that the deciding official should be discredited and that Mr. Bowen was set up to fail and that this type of testimony, if allowed in, would give some credence to Mr. Bowen's argument that he was set up to fail. I'll reserve the rest of my time for a vote. We will save it for you, Mr. Saccone, Ms. Ellison, Kidmiller. For the government. Thank you and may it please the court. This court should affirm the decision of the board and find no clear and harmful abuse of discretion in the administrative judge's decision to disallow the rebuttal testimony of Mr. Errett. One thing was simply offered for impeachment purposes. Mr., I don't remember the first one, the supervisor's name. Mr. Messick. Mr. Messick. He said that he had never done this before, this has not happened before, he never, and then they specifically asked him about whether he made this statement to the prior employee about, you know, I can fire you within 30 days. And he says, no, I never made that statement. Well, why shouldn't they be allowed to introduce the witness to say, don't believe anything he says on anything, i.e. typical impeachment evidence, because he's a liar. Look, he says he never made this statement to me and he made it to me. So apart from using the evidence for purposes of establishing a habit, why can't they at least use the evidence to argue that he's a liar? Well, my answer will focus on one of the federal rules of evidence. But of course, before going to that specific, it's important to keep in mind that federal rules of evidence do not govern in board proceedings. Rather, they are helpful guidance to the board. But given that standard, Rule 613B, which pertains to impeachment by contradiction, gave Mr. Bowen the right to confront Mr. Messick, which he exercised. However, it does not allow for the introduction of extrinsic evidence on rebuttal purely for purposes of impeachment. In other words, Mr. Bowen was allowed to confront, but he had to take the answer that Mr. Messick gave him. He was not permitted to introduce extrinsic evidence unless it also had some purpose other than purely attempting to challenge Mr. Messick's credibility. Mr. Bowen seems to recognize that in his reply brief when he, this is at page 2, disclaims that he did not wish to contradict Messick simply for the sake of contradiction. But rather, he was trying to introduce evidence of this intent and motive as relevant to the second Geier factor. Of course, here, out of the three Geier factors, only two were at issue, the motive, any motive to retaliate, and then the strength of the evidence in support of the removal. Here, the evidence in support of the removal is uncontested on the basis of three different charges, one of which the insubordination charge has an intent element, and the administrative judge found in the board affirmed that the misconduct here was, in fact, intentional. That is not disputed on appeal. And that strength of that evidence was sufficient to carry this case. In other words, even if Eric had been allowed to testify, even if Eric had convinced the administrative judge that there was some, to use Mr. Bowen's words from his brief, intended to create an inference of retaliatory motive. That's what he says he was attempting to prove. Even so, this evidence on the first Geier factor provided a sufficient basis for the clear and convincing determination that the agency would have taken the same action in any event. So given that misconduct, it was surely within the administrative judge's discretion to decide that nothing was to be gained by hearing testimony from this rebuttal witness who had, in any event, been denied during the case in chief. And for these reasons, unless there are further questions from the court, we ask you to affirm the decision below. Thank you, Ms. Kidmiller. Ms. Taney has some rebuttal time. With respect to the evidence, there's substantial evidence that they could have removed him, but there isn't substantial evidence that they would have removed him but for the whistleblower allegations. The whistleblower allegations are what spawned Mr. Bowen's contention that he was idle, that he was pushed with regard to the individual account, that he wasn't allowed to travel because he apparently hadn't completed these assignments that were apparently critical but he couldn't complete because he was a program manager who was used to having contractors and resources and he wasn't allowed to have those resources. So although there may be evidence that he could have been removed based on the evidence, I think that if allowed, Steve Verritt would tend to indicate that he wouldn't, Mr. Bowen wouldn't have been removed because the administrative judge could find that he wouldn't be able to prove or the agency wouldn't be able to prove by clearly convincing evidence that they would have removed him. In that there wouldn't be a firm belief in the trial fact. With respect to the extrinsic evidence, we're contradicting Mr. Massach specifically with regard to an instance that the AJ allowed us to go into, in my opinion presumably, in order to show the motive and intent of the deciding official in a previous instance which would show a general hostility. And therefore, in my opinion and Mr. Bowen's position is that the evidence would be allowable underneath 404B as a proof of intent and motive. So therefore that's an independently allowable basis and in this case it's not a collateral matter. Finally, I think that there's a public policy issue in that we want to have whistleblowers to keep making whistleblower allegations. We don't want to chill and curb whistleblower speech by not granting a whistleblower the full fair hearing that they deserve. So in this case it would have taken all of 30 minutes to an hour to hear Mr. Aratt speak and to hear what he had to say and if the judge didn't think that it had any merit then he could have just thrown it out. But rather than doing that he just denied rebuttal witnesses at the end. He just concluded the hearing, didn't allow oral argument, didn't allow anything. The hearing was scheduled for three days but instead of three days it just ended up being a day and a half. I mean even the agency wanted to introduce some testimony that they weren't allowed to show. So you want us to micromanage the proceeding below? No, but I'm just trying to paint a picture as to what occurred. I mean we didn't even have the opportunity to present an hour of evidence which potentially could have resolved any appeals as to that. I mean if we got that evidence in maybe we don't even come here and make this appeal. However, in my opinion Mr. Aratt's testimony is key to our case. I mean we thought it was key to our case going in and we still think it's key to our case. And I think if we can get a remand and get Mr. Aratt in there to rebut the specific instance and I think the AJ has to go in and do a different analysis on the clear and convincing standard. And I think that it could turn in our favor. Thank you. Mr. Connie will take the case under advisement.